UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHARI RHYNE,

           Plaintiff,

           v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

           Defendant.

No. 2:14-CV-0086-JTR

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 13, 15.  Attorney D. James Tree represents Shari Rhyne (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 21.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income (SSI) in August 2011, alleging disability since May 13, 2011, due to developmental hip dysplasia and arthritis.  Tr. 143, 151, 163.  Plaintiff's application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) James W. Sherry held a hearing on September 13, 2012, Tr. 53-88, and issued an unfavorable decision on October 26, 2012, Tr. 20-39.  The Appeals Council denied review on February 4, 2014.  Tr. 1-

6.  ALJ Sherry's September 2012 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on April 3, 2014.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on December 14, 1974, and was 36 years old on the alleged disability onset date, May 13, 2011.  Tr. 143, 151.  Plaintiff completed the 11th grade in high school and attained a certificate as a nurse's assistant (CNA).  Tr. 59, 164.  She has past work as a CNA, cashier and restaurant worker.  Tr. 164.  Plaintiff indicates she stopped working on April 28, 2011, because the restaurant she had been working at closed for unknown reasons.  Tr. 163.  She testified at the administrative hearing she is unable to return to her past work because her lower extremities are not stable enough for her to be on her feet for a long period of time and she is irritable and short-tempered due to her pain.  Tr. 63-64, 73-74.

At the administrative hearing, Plaintiff testified that, on a good day, she wakes up at 5:00 a.m., takes a shower, drinks coffee, gets her daughter off to school, runs errands and visits with a couple of friends if she has the time.  Tr. 64.  She stated she does the majority of chores around the house and takes care of a cat and dog.  Tr. 65.  She can sit for an hour-and-a-half, stand for about an hour, and walk about two-and-a-half miles at one time.  Tr. 66-67.  Plaintiff indicated that, on a bad day, she gets up in the morning, gets her daughter off to school, drinks a cup of coffee, and then goes back to bed.  Tr. 68.  She will then get up only to use the bathroom, eat and let the dog out.  Tr. 68.  She testified she will lay down "pretty much the whole day."  Tr. 68.  Plaintiff stated she has an average of 15 to 20 "bad days" a month.  Tr. 71.

Plaintiff stated that Cymbalta had been controlling her fibromyalgia well, but she would still experience achy pains in every part of her body if she gets "stressed out really bad."  Tr. 75.  She testified this occurred three or four times during the last month, and would last three or four hours each time.  Tr. 75-76.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment

prevents him from engaging in his previous occupation. 20 C.F.R. §§
404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the
ALJ proceeds to step five, and the burden shifts to the Commissioner to show that
(1) the claimant can make an adjustment to other work; and (2) specific jobs exist
in the national economy which claimant can perform. *Batson v. Commissioner of
Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make
an adjustment to other work in the national economy, a finding of "disabled" is
made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity since
August 26, 2011, the application date. Tr. 22. At step two, the ALJ determined
Plaintiff had the severe impairments of bilateral hip dysplasia/bursitis and
arthralgia. Tr. 22. The ALJ specifically determined Plaintiff evidenced no severe
psychological impairments during the relevant time period and the one-time
diagnosis of fibromyalgia, which was later changed by the diagnosing doctor to
arthralgia, was not a severe impairment. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or
combination of impairments that meets or medically equals the severity of one of
the listed impairments. Tr. 22. The ALJ assessed Plaintiff's RFC and determined
she could perform a restricted range of light exertion level work. Tr. 23. The ALJ
found Plaintiff could lift no more than 20 pounds at a time and frequently lift and
carry 10 pounds; could stand and walk two hours in an eight-hour workday and sit
six hours in an eight-hour workday; could use bilateral foot controls only
occasionally; could occasionally balance, stoop, crouch, kneel, crawl, or climb
ramps or stairs; could never climb ladders, ropes or scaffolds; and must avoid
exposure to concentrated excessive vibration and hazards such as moving
machinery and unprotected heights. Tr. 23.
///

At step four, the ALJ found Plaintiff was unable to perform her past relevant work. Tr. 37. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the Medical-Vocational Guidelines, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 37-38. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 26, 2011, the application date, through the date of the ALJ's decision, October 26, 2012. Tr. 38-39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) concluding Plaintiff's fibromyalgia and psychiatric impairments were not severe impairments at step two of the sequential evaluation process; (2) rejecting the medical opinions of treating physicians Simon and Byrd; (3) improperly discrediting Plaintiff's testimony regarding the severity and limiting effects of her impairments; and (4) relying on vocational expert testimony pertaining to a hypothetical which did not accurately reflect Plaintiff's functional limitations.

## DISCUSSION

**A.    Step Two**

Plaintiff first contends the ALJ erred at step two by finding Plaintiff's fibromyalgia and psychological impairments did not constitute severe medically determinable impairments. ECF No. 13 at 10-14.

Defendant does not dispute that Plaintiff had diagnoses of fibromyalgia, adjustment disorder, and anxiety, but argues it takes more than a diagnosis to show an impairment causes vocationally relevant functional limitations. ECF No. 15 at 9. Defendant asserts the issue is not whether the ALJ properly concluded Plaintiff

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

did not have severe fibromyalgia and mental impairments, but whether the ALJ properly concluded those impairments did not cause greater functional limitations that the ALJ found.  ECF No. 15 at 9.

The Court agrees with Defendant's assertion that it takes more than a mere diagnosis to determine whether an impairment causes functional limitations. However, the Court disagrees with Defendant's contention that the ALJ's step two determination is not at issue in this case.

Step two is "a *de minimis* screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An ALJ may find a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-28; *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  In reviewing the claimed error, the Court must consider whether the record includes evidence of a severe impairment and, if so, whether the ALJ's response to that evidence was legally correct.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

In this case, the ALJ determined Plaintiff had the severe impairments of bilateral hip dysplasia/bursitis and arthralgia; however, the ALJ concluded Plaintiff's diagnosed fibromyalgia was not a severe impairment and that Plaintiff failed to show she had a severe psychological impairment during the relevant time period.  Tr. 22.

### 1.    Fibromyalgia

The ALJ's stated reason for not finding that Plaintiff's diagnosed fibromyalgia was a severe impairment was his belief that James Byrd, M.D., changed his "one-time diagnosis" from fibromyalgia to arthralgia.  Tr. 22.  This statement by the ALJ is not factually correct.

Dr. Byrd first diagnosed arthralgia on March 1, 2012, Tr. 469-470, and then changed his diagnosis from arthralgia to fibromyalgia on March 26, 2012, Tr. 508-509. The diagnosis of fibromyalgia was affirmed by Dr. Byrd on June 28, 2012. Tr. 509. The ALJ's basis for his determination that fibromyalgia was not a severe impairment is his inaccurate conclusion that Dr. Byrd changed his diagnosis from fibromyalgia to arthralgia. The ALJ thus erred at step two of the sequential evaluation process.

The ALJ has an affirmative duty to supplement Plaintiff's medical record, to the extent it is incomplete, before rejecting a claim of a severe impairment. *See* 20 C.F.R. § 404.1512(d); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). Here, the medical evidence was sufficiently ambiguous with regard to Plaintiff's diagnosed fibromyalgia to trigger the ALJ's duty to fully and fairly develop the record. Consequently, this matter shall be remanded for additional proceedings in order for the ALJ to further develop the record with respect to Plaintiff's diagnosed fibromyalgia and the limitations that impairment may have imposed on Plaintiff's functionality.

## 2.    Psychological Impairments

The Court additionally finds the ALJ erred at step two with regard to Plaintiff's psychological impairments.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. The medical evidence of record, as briefly outlined below, demonstrates Plaintiff's mental impairments pass the *de minimis* threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290.

The record reflects Plaintiff has been diagnosed and treated for mental impairments during the relevant time period in this matter. On October 3, 2011, Carol Shoemake in conjunction with Jill Simon, M.D., diagnosed Plaintiff with depression and anxiety. Tr. 247-249. An intake assessment was performed at Grant Mental Healthcare on November 17, 2011, and it was opined that claimant presented with symptoms of posttraumatic stress disorder, most likely exacerbated by her chronic pain levels, and indicators of adult ADHD. Tr. 403-409. On November 29, 2011, Dr. Simon diagnosed depression, anxiety and a possible personality disorder and noted "I am almost certain there is a conversion disorder going on here." Tr. 309. Grant Mental Healthcare progress notes dated November 30, 2011, indicate Plaintiff presented "with symptoms of severe depression and anxiety." Tr. 424. A December 7, 2011, Medical Report authored by Dr. Simon, indicates Plaintiff's psychological state was so poor that Plaintiff would likely miss four or more days of work per month due to her medical condition. Tr. 251. Dr. Simon noted Plaintiff's "escalating emotional state" and opined Plaintiff was disabled based on her condition, which she felt was more psychiatric based than physical. Tr. 493. On December 8, 2011, Joyce Ninnemann, ARNP, diagnosed posttraumatic stress disorder and gave Plaintiff a Global Assessment of Functioning (GAF) score of 45, indicative of serious symptoms or serious impairment in functioning. Tr. 429. On March 15, 2012, Dr. Simon reiterated her opinion that Plaintiff was disabled more from an emotional state/mental standpoint than from physical issues. Tr. 498.

It is apparent from the foregoing medical evidence that Plaintiff's claim of severe psychological impairments was not "groundless." *Smolen*, 80 F.3d at 1290;

*Webb*, 433 F.3d at 688.  The Court thus finds the ALJ erred at step two of the sequential evaluation process with respect to Plaintiff's psychological impairments as well.

Although it is clear the ALJ erred at step two with respect to Plaintiff's documented fibromyalgia and psychological impairments, it is not apparent from the record, as it currently stands, whether Plaintiff's severe physical and mental impairments, either singly or in combination, would prevent her from performing substantial gainful employment.  Further development is necessary for a proper determination.  Accordingly, this matter must be remanded for additional proceedings in order for the ALJ to further develop the record, take into consideration Plaintiff's psychological impairments and fibromyalgia, and assess the limitations those impairments may have on Plaintiff's functionality.

**B.    Treating Physician Opinions**

Plaintiff next contends the ALJ erred by failing to accord appropriate weight to the opinions of treating physicians Simon and Byrd.  ECF No. 13 at 14-17.

In disability proceedings, a treating physician's opinion is given special weight because of his familiarity with the claimant.  *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989).  Thus, a treating physician's opinion carries more weight than the opinion of an examining or non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.  *Andrews*, 53 F.3d at 1043.  An ALJ's decision to reject the opinion of a treating physician, may be *based in part* on the testimony of a nonexamining medical advisor.  *Magallanes v. Bowen*, 881 F.2d 747, 751-755 (9th Cir. 1989); *Andrews*, 53 F.3d at 1043.  However, the ALJ must also have other evidence to support the decision such as

laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the physician's opinion. *Magallanes*, 881 F.2d at 751-752; *Andrews*, 53 F.3d 1042-1043.

The ALJ discussed the reports of Drs. Simon and Byrd, as well as the other medical evidence of record, dating back to 2005.[1]  Tr. 26-37.  The ALJ addressed the opinions of these treating physicians by merely stating they were entitled to "less weight" because their opinions were inconsistent with the medical evidence of record and their own treatment records.  Tr. 37.  The ALJ did not, however, specifically indicate what medical evidence or treatment records were inconsistent with the opinions of Drs. Simon and Byrd.  Moreover, the ALJ failed to provide other legitimate reasons, supported by substantial record evidence, for discounting the opinions.

As determined above, this matter will be remanded for additional proceedings.  On remand, the ALJ shall additionally reassess Plaintiff's RFC, taking into consideration the opinions of treating physicians Simon and Byrd and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  If the ALJ continues to believe the opinions of Drs. Simon and Byrd should be accorded little weight, the ALJ must substantiate the determination with specific, legitimate reasons that are supported by substantial evidence.

## C.   **Plaintiff's Credibility**

Plaintiff also contends the ALJ erred by improperly discrediting her testimony regarding her impairments and limitations.  ECF No. 13 at 18-22.

---

[1]Evidence from outside the relevant time period in social security cases can be deemed useful as background information; however, it is irrelevant to the extent that it does not address a claimant's medical status during the period at issue in the case.  *See Fair v. Bowen*, 885 F.2d at 600 (medical opinions that predate the alleged onset of disability are of limited relevance).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ considered Plaintiff "only partially credible" and provided several reasons for so finding. Tr. 25-26.

First, the ALJ noted "[t]he limitations the claimant attributes to her impairments are not verified in the treating source records." Tr. 25. However, Dr. Byrd's reports corroborate Plaintiff's claim of symptoms resulting from fibromyalgia, and Dr. Simon opined on several occasions that Plaintiff was limited to sedentary exertion level work with additional restrictions. As noted above, the ALJ erred by failing to provide specific, clear and convincing reasons, supported by substantial record evidence, for discounting the opinions of treating physicians Simon and Byrd. *See supra*.

Next, the ALJ indicted there was "no evidence of any muscle atrophy reported on physical examination," and "the evidence as a whole fails to establish any good cause for the degree of inactivity that the claimant sometimes reports except for her own preference." Tr. 25. Plaintiff contends she has good days and bad days and regardless of whether the record specifically notes muscle atrophy, it shows Plaintiff has severe functional limitations due to her impairments. ECF No.

13 at 19.  Nevertheless, a plaintiff's ability to present an alternative interpretation of the evidence, even if reasonable, is not a sufficient reason to overturn an ALJ's determination when that ALJ's findings are otherwise supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.

The ALJ also mentioned Plaintiff's reported activities of daily living were inconsistent with the level of limitation she alleged.  Tr. 25.  It is well-established that the nature of daily activities may be considered when evaluating credibility.  *Fair v. Bowen*, 885 F.2d at 603.  Plaintiff stated and testified she walks her dog, visits friends, walks to a friend's house over six miles away, performs household chores and keeps her house clean.  Tr. 25.  Plaintiff again asserts an alternative interpretation; i.e., that she has good and bad days and an increase in pain prevents her from walking or performing chores like she used to be able to do.  ECF No. 13 at 19.

Finally, the ALJ indicated Plaintiff has a history of substance abuse "she sometimes fails to report to medical providers."  Tr. 25-26.  An ALJ may properly consider evidence of a claimant's substance use in assessing credibility.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings in light of the ALJ's erroneous determinations at step two of sequential evaluation process and with respect to Drs. Simon and Byrd.  On remand, the ALJ shall also reconsider Plaintiff's statements and testimony and discuss what statements, if any, are not credible and what evidence undermines those statements.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 12

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. ECF No. 13 at 24. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand for additional proceedings is appropriate when additional proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall revisit step two of the sequential evaluation process and take into consideration Plaintiff's documented fibromyalgia and mental impairments and the limitations stemming from those impairments; reexamine Plaintiff's statements and testimony; and reassess Plaintiff's RFC, taking into consideration the opinions of Drs. Simon and Byrd, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ is directed to develop the record further by requiring Plaintiff to undergo new consultative physical and psychological examinations prior to a new administrative hearing and, if warranted, by eliciting medical expert testimony to assist the ALJ in formulating a new RFC determination. The ALJ shall obtain testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

///

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered in favor of Plaintiff,** and the file shall be **CLOSED**.

DATED November 12, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14